Gerald Barrett, Esq.005855
WARD, KEENAN & BARRETT, P.C.
3838 North Central Street, Ste. 1720
Phoenix, Arizona  85004
Telephone Number: (602) 279-1717
Facsimile Number: (602) 279-8908

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRED COHILL and MASAVI PEREA, each in their respective capacity as trustee; PHOENIX PAINTING INDUSTRY TRUST FUND, a trust; PHOENIX PAINTERS PENSION TRUST FUND, a trust; PAINTERS AND DECORATORS JOINT APPRENTICESHIP TRUST FUND, a trust; LABOR MANAGEMENT COOPERATIVE INITIATIVE , a trust; and, INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, LOCAL UNION NO. 86, a labor organization | No. |
| | COMPLAINT |
| Plaintiffs, | |
| v. | |
| CAMELBACK CONTRACTORS, INC., an Arizona corporation, | |
| Defendant. | |

For their Complaint against Defendant, Plaintiffs allege as follows:

## COUNT ONE

1.      Plaintiffs' claim arise under and jurisdiction is conferred upon this court by Section 301 of the Labor Management relations Act, as amended (LMRA), 29 U.S.C. §185.

2.      Local Union No. 86 of the International Brotherhood of Painters and Allied

Trades (hereinafter referred to as Local 86) is a "labor organization", as that term is used in the Labor Management Relations Act. 29 U.S.C. §152 (5). Local 86 is located in Phoenix, Arizona.  It exists for the purpose of representing employees in an industry affecting the interstate commerce with respect to the terms and conditions of their employment.

3.     The Phoenix Painting Industry Trust Fund (H&W); the Phoenix Painters Pension Trust Fund (Pension); the Painters and Decorators Joint Apprenticeship Trust Fund (JAC); and, the Labor Management Cooperative Initiative (LMCI) (collectively referred to as Trust Funds), and each of them, are labor- management trust funds established under §302 ( c)  the LMRA 29 U.S.C. §186 ( c).

4.     The Plaintiff Trust Funds are empowered by the Employer Retirement Income Security Act, as amended (ERISA) 29 U.S.C. §1001, *et. seq*., to sue and be sued as entities.

5.     The Plaintiff Trust Funds are designated as the respective payees of certain contributions required to be made by employers signatory to or otherwise bound by collective bargaining agreements with Local 86.

6.     Venue is appropriate as all contributions due to the Plaintiff Trust Funds are required to be paid to a depository located in Maricopa County, Arizona.

7.     All contributions received by each plan are held in trust for the exclusive use and benefit of the plan's participants and beneficiaries. These benefits include retirement pension and job training.

8.     Defendant Camelback Contractors, Inc. is an Arizona  corporation which is doing or has done business in the State of Arizona in an industry affecting interstate commerce, that is, the provision of construction industry painting services and supplies. Defendant is an employer as that term is used in the Labor Management Relations Act. 29 U.S.C. §152 (4).

9.     Defendant, during all relevant times, was and remains signatory to or otherwise bound to the collective bargaining agreement with the International Brotherhood of

1    Painters and Allied Trades Local Union No. 86.

2    10.    Defendant was required by its collective bargaining agreement to file a monthly

3    contribution reporting form with the administrator for the various Plaintiff Trust Funds,

4    listing the names of all of its employees who performed work during the preceding

5    month and to list the number of hours worked by each employee.

6    11.    Defendant's collective bargaining agreement further required it to remit to the

7    fund administrator for the various Plaintiff Trust Funds contributions based on the

8    number of hours worked by each of its employees. In this regard, the collective

9    bargaining agreement sets forth a contribution rate for each of the Plaintiff Trust Funds.

10   The collective bargaining agreement requires that the Defendant pay an amount equal to

11   the number of hours worked by its employees times the applicable contribution rate.

12   12.    Defendant's collective bargaining agreement further required it to deduct from

13   each of its employees' wages an amount for union dues and to remit the same to the

14   fund administrator when paying trust fund contributions.

15   13.    Defendant has failed and refused to honor its above described obligations as set

16   forth in its collective bargaining agreement to the Plaintiffs for work performed through

17   and including the last day of June 2012. Defendant filed reports, but failed and

18   continues to refuse to pay required contributions on behalf of its employees.  During the

19   time period ending June 2012, Defendant within six years of the date of the filing of this

20   complaint became obligated under its collective bargaining agreement to pay the

21   Plaintiffs the following amounts:

22            H&W          $912.15

23            Pension      $317.98

24            JAC          $82.95

25            LMCI         $27.65

26            Local 86     $445.73

27   14.    The amounts stated above are based on contribution reporting forms submitted by

28   the Defendant.  These amounts may change if an audit is conducted of Defendant's

books and payroll records.

15.     The Agreements and Declarations of Trust for each of the Plaintiff Trust Funds, which are incorporated by reference into the collective bargaining agreement identified above, provide that Defendant must pay liquidated damages if it fails to timely pay all contributions that it owes.  Accordingly,  within six years of the date of the filing of this complaint the following sums have become due and owing to the Plaintiff Trust Funds as stipulated damages for the untimely submission of reporting forms and contributions for the period ending June 30, 2012.

|        |           |
|--------|-----------|
| H&W    | $3,402.44 |
| Pension | $1,186.11 |
| JAC    | $309.41   |
| LMCI   | $103.14   |

16.     The Agreements and Declarations of Trust further provide that Defendant is required to pay Plaintiffs' actual attorney fees and court costs in this matter.

WHEREFORE, Plaintiffs request that judgement be entered in their favor and against Defendant for work performed during the period ending June 30, 2012 as follows:

A.  To the Phoenix Painting Industry Trust Funds (Health & Welfare) contributions in the amount of $912.15  together with liquidated damages in the sum of $ 3,402.44.

B. To the  Phoenix Painters Pension Trust Fund (Pension) contributions in the amount of $317.98  together with liquidated damages in the sum of $1,186.14.

C. To Painters and Decorators Joint Apprenticeship Trust Fund the sum of $ 82.95  as and for contributions and the sum of $ 309.41as and for liquidated damages.

D.  To the Labor Management Cooperative Initiative the sum of $ 27.65 as and for contributions and the sum of $103.14 as and for liquidated damages.

E.  To Local Union No. 86 the sum of $445.73 as and for union dues.

F. To Plaintiffs an amount equal to their attorney's fees incurred herein and their

court costs.

     G. To Plaintiffs all other such relief as the Court deems to be just and proper.

<b><u>COUNT TWO</u></b>

17.    Plaintiffs adopt by this reference and incorporate herein all matters alleged in paragraphs 3 through 11 and paragraphs 13 through 16.

18.    Plaintiffs' claim arises under and jurisdiction is conferred upon this court by virtue of §502 of the Employment Retirement Income Security Act, as amended (ERISA). 29 U.S.C. §1132.

19.    Plaintiffs, Fred Cohill and Masavi Perea, are Trustees of the Plaintiff Trust Funds and are accordingly empowered by §502 of ERISA, 29 U.S.C. §1132 to bring this matter.

20.    By the acts and omissions alleged above, Defendant has violated §515 of the Employee Retirement Income Security Act, 29 U.S.C. §1145, which section requires Defendant to timely report on hours and to timely remit contributions due to the Plaintiff Trust Funds.

21.    Pursuant to §502(g) of ERISA, 29 U.S.C. §1132(g), Plaintiffs are entitled to recover their cost and attorney's fees incurred herein.

     WHEREFORE, Plaintiffs request that judgement be entered in their favor and against Defendant for work performed during the period ending December 31, 2010  as follows:

     A. To the Phoenix Painting Industry Trust Funds (Health & Welfare) contributions in the amount of $912.15  together with liquidated damages in the sum of $ 3,402.44.

     B. To the  Phoenix Painters Pension Trust Fund (Pension) contributions in the amount of $317.98  together with liquidated damages in the sum of $1,186.14.

     C. To Painters and Decorators Joint Apprenticeship Trust Fund the sum of $ 82.95  as and for contributions and the sum of $ 309.41as and for liquidated damages.

     D.  To the Labor Management Cooperative Initiative the sum of $ 27.65 as and

1    for contributions and the sum of $103.14 as and for liquidated damages..

2         E. To Plaintiffs an amount equal to their attorney's fees incurred herein and their

3    court costs.

4         F. To Plaintiffs all other such relief as the Court deems to be just and proper.

5                                    **COUNT THREE**

6    22.   Plaintiffs adopt by this reference and incorporate herein all matters alleged in

7    paragraphs 3 through 11, paragraphs 15 and 16 and paragraphs 18 through 21 above.

8    23.   Defendant was obligated to file a contribution reporting form for hours worked in

9    July and August, 2012 and all subsequent months.

10   24.   Defendant has failed and refused to file a contribution reporting form for hours

11   worked during the month of July and August 2012.

12   25.   Absent receipt of a contribution report for hours worked in July 2012 and

13   subsequent months, plaintiff trustees are not able to credit Defendant's employees for

14   hours worked.  As a result some or all of these employees may immediately lose health

15   coverage and other promised benefits

16   26.   Defendant's breach of Section 515 of Employee Retirement Income Security Act,

17   29 U.S.C. §1145, is reasonably likely to continue in the future and cause further injury

18   and irreparable damage to Plaintiffs, Defendant's employees and other plan participants

19   and beneficiaries absent issuance of a preliminary injunction directing Defendant to:

20        A)    Immediately file a contribution reporting form for hours worked in and

21              tender payment of contributions shown due thereunder;

22        B)    Timely file contribution reporting forms for any and all hours worked in

23              the future and timely pay all contributions for all such work performed.

24        WHEREFORE, Plaintiffs request that this Court enter a preliminary injunction,

25   and thereafter a permanent injunction, directing Defendant to:

26        A)    Immediately file a contribution reporting form for hours worked in  and

27              tender payment of contributions shown due thereunder;

28        B)    Timely file contribution reporting forms for any and all hours worked in

1    the future and timely pay all contributions for all such work performed.

2    C)    Pay to Plaintiffs an amount equal to their attorney's fees and their court

3         costs incurred in securing and enforcing necessary injunctive relief.

4    Respectfully submitted this 4th day of October, 2012.

5                                    WARD KEENAN & BARRETT, P.C.

6

7                                    S/GERALD BARRETT
                                     Gerald Barrett
                                     3838 North Central, Suite 1720
8                                    Phoenix, Arizona 85012
                                     (602)279-1717
9                                    Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28